United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEGUNDO ALMOGELA,<br><br>        Plaintiff,<br><br>    v.<br><br>WORLD SAVINGS BANK, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-12-3644 EMC<br><br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Docket No. 5)** |

       At the hearing on August 31, 2012, the Court granted Defendants' motion to dismiss and gave Plaintiff leave to file an amended complaint. The reasons were stated on the record. This order briefly summarizes the primary reasons for the Court's ruling, but is intended as a supplement to the reasons stated on the record.

       Plaintiff's complaint as pled does not meet the plausibility requirement of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). There are insufficient allegations about the chain-of-ownership defect. *See Sacchi v. Mortgage Elec. Registration Sys.*, No. CV 11-1658 AHM (CWx), 2011 U.S. Dist. LEXIS 68007, at *23 (C.D. Cal. June 24, 2011) (noting that "a cause of action for wrongful foreclosure might survive if 'the plaintiff's complaint identified a specific factual basis for alleging that the foreclosure was not initiated by the correct party'"). For example, Plaintiff does not even identify the name of the alleged trust or the alleged trustee. In addition, courts have typically rejected "[t]heories that securitization undermines the lender's right to foreclose on a property," *McGough v. Wells Fargo Bank, N.A.*, C12-0050 TEH, 2012 U.S. Dist. LEXIS 84327, at *11 (N.D. Cal. June 18, 2012); courts

have further rejected challenges to a foreclosure based on a violation of a pooling and service agreement, *see Sami v. Wells Fargo Bank*, No. C 12-00108 DMR, 2012 U.S. Dist. LEXIS 38466, at *15 (N.D. Cal. Mar. 21, 2012) (stating that, "[t]o the extent Plaintiff bases her claims on the theory that Wells Fargo allegedly failed to comply with the terms of the PSA, the court finds that she lacks standing to do so because she is neither a party to, nor a third party beneficiary of, that agreement"); and the Ninth Circuit has indicated that only where a promissory note and deed of trust are "irreparably split" will a mortgage be rendered unenforceable. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011). Finally, the RESPA claim appears to be time barred, at least based on the allegations in the complaint as pled.

This order disposes of Docket No. 5.

IT IS SO ORDERED.

Dated: September 6, 2012

_____
EDWARD M. CHEN
United States District Judge