United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEGUNDO ALMOGELA,

        Plaintiff,

    v.

WORLD SAVINGS BANK, *et al.*,

        Defendants.
_____/

No. C-12-3644 EMC

**ORDER TO SHOW CAUSE**

**(Docket No. 5)**

        Previously, the Court granted Defendant's motion to dismiss but gave Plaintiff leave to amend. Subsequently, Plaintiff filed an amended complaint, which Defendant then moved to dismiss. This motion is currently set for hearing on January 17, 2013.

        In his amended complaint, Plaintiff alleges that World Savings Bank sold his loan to a REMIC (Real Estate Mortgage Investment Conduit) Trust. By virtue of that sale, Plaintiff claims that World Savings Bank (and therefore Wells Fargo) lost any interest in the note. *See* FAC ¶ 41(c). Plaintiff further claims that, in spite of the sale to the Trust, the Trust did not have the authority to foreclose on his home because, *e.g.*, it did not have physical possession of the note, *see* FAC ¶ 41(d)-(e); the note was separated from the mortgage, *see* FAC ¶ 41(g); the Trust does not have proof of an unbroken chain of assignment from World Savings Bank to (eventually) the Trust, *see* FAC ¶ 42(a); and under the applicable Pooling and Service Agreement, only the beneficiaries of the Trust can foreclose and they never authorized the Trustee to foreclose. *See* FAC ¶ 29(i).

        As established by the above, a critical allegation in Plaintiff's amended complaint is that his loan was sold to the Trust. Plaintiff claims that an audit conducted on his loan by a third party

(Audit Pros) establishes that his loan was sold to the Trust. *See* FAC ¶ 29. However, the audit report attached to the complaint does not appear, on its face, to support this claim. Indeed, the third page of the audit report states: "RMBS [Residential Mortgage-Backed Security] searches were performed. *This loan was not found in any deal.*" FAC, Ex. A (Audit Report at 3) (emphasis added). Moreover, it is notable that nowhere in the amended complaint does Plaintiff state the name of the Trust at issue. If, in fact, Plaintiff does not have a good faith basis for alleging that his loan was sold to the Trust in the first place, then his complaint should never have been filed.

Accordingly, the Court hereby issues this order to show cause. Plaintiff is ordered to show cause as to why his complaint should not be dismissed with prejudice based on his failure to allege any facts (which would include attaching any document to his complaint) to support his claim that his loan was sold to a REMIC Trust. Furthermore, Plaintiff's *counsel* is ordered to show cause as to why he filed the complaint on behalf of Plaintiff when the audit report on its face suggests that the loan was not securitized. Plaintiff's counsel is forewarned that he must make a showing adequate to show that Rule 11 sanctions should not be imposed, or the Court may well impose such sanctions.

The response to the order to show cause shall be filed within one week (seven calendar days) of the date of this order. In the meantime, the Court temporarily **VACATES** the hearing on Defendant's motion to dismiss. The Court shall decide whether to set a hearing on Defendant's motion after receiving and reviewing the response to this order to show cause.

IT IS SO ORDERED.

Dated: December 10, 2012

_____
EDWARD M. CHEN
United States District Judge

2