UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEGUNDO ALMOGELA, | No. C-12-3644 EMC |
| Plaintiff, | |
| v. | **ORDER DISMISSING CASE** |
| WORLD SAVINGS BANK, *et al.*, | **(Docket Nos. 36, 38)** |
| Defendants. _____/ | |

Previously, the Court issued an order instructing Plaintiff to show cause as to why his complaint should not be dismissed with prejudice based on his failure to allege any facts (which would include attaching any document to his complaint) to support his claim that his loan was sold to a REMIC Trust. The Court also ordered Plaintiff's counsel to show cause as to why he filed the complaint on Plaintiff's behalf under the circumstances. *See* Docket No. 36 (order). In response, counsel for Plaintiff submitted a declaration. *See* Docket No. 38 (Peabody declaration). Having reviewed the contents of the declaration, the Court hereby dismisses the case with prejudice and further sanctions Plaintiff's counsel.

Dismissal with prejudice is warranted because, contrary to what counsel suggests in his declaration, *see* Peabody Decl. ¶ 16, it is clear from the face of the complaint that the complaint was based on the audit. *See, e.g.*, FAC ¶ 29 (alleging that, "[a]ccording to the audit of the loan . . . the following facts were determined" – *e.g.*, that the loan was securitized). As noted in the Court's prior order, there is no evidence in the audit report to support the allegations of securitization.

1    Even if counsel's declaration were given some credit – *i.e.*, that he filed the complaint not
2 only on the basis of the audit but also on the basis of his experience – counsel has failed to provide
3 an adequate showing that his experience justified the complaint. For example, counsel asserts that
4 the loan at issue must have been securitized because, based on prior "securitization analyses
5 performed on World Savings Bank loans, it has been my determination that World Savings Bank as
6 a practice and policy sold each and every loan that it originated prior to the sale of its assets to
7 Wachovia Bank."[1] Peabody Decl. ¶ 5. However, counsel fails to provide any details about these
8 prior "securitization analyses," including how many of these analyses there were. In other words,
9 did counsel arrive at this conclusion based on five prior cases? Ten? One hundred? Even if counsel
10 reached this conclusion based on a substantial number of prior cases, he cites no evidence
11 supporting his claim other than his own assertion. The Court is not persuaded that his conclusion
12 was justified, particularly when counsel's own "expert witness in the area of lender legal standing as
13 well as securitization of audits," FAC ¶ 28, was unable to find evidence of securitization. To the
14 extent counsel suggests his expert was stymied because "information is not readily available on
15 either Bloomberg or other data screens available through the US Government or otherwise,"
16 Peabody Decl. ¶ 7, counsel has failed to show that the expert found this to be a limitation or that
17 these are the only sources available. Under Federal Rule of Civil Procedure 11, counsel had a duty
18 to conduct a reasonable inquiry to ensure that the "factual contentions have evidentiary support or, if
19 specifically so identified, will likely have evidentiary support after a reasonable opportunity for
20 further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

21    In the attempt to overcome these problems, counsel now claims that the complaint that was
22 filed "is not primarily based upon a securitization analysis . . . . A more important and cogent
23 argument can be made that Plaintiff's property was foreclosed illegally and wrongfully by Wells

---

[1] Plaintiff has not challenged Wells Fargo's contention that it is the successor to World Savings Bank. *See* Peabody Decl. ¶ 4 (implicitly admitting that World Savings Bank became Wachovia and that Wachovia became part of Wells Fargo). Such facts have also been judicially noticed by a number of federal courts. *See, e.g., Hale v. World Sav. Bank*, No. CIV 2:12-cv-1462-GEB-JFM (PS), 2012 U.S. Dist. LEXIS 141917, at *11-13 (E.D. Cal. Oct. 1, 2012); *Shaterian v. Wells Fargo Bank*, No. C-11-920 SC, 2011 U.S. Dist. LEXIS 62165, at *3-4 (N.D. Cal. June 10, 2011).)

1 Fargo Bank due to the fact that Wells Fargo Bank did not have the legal authority to do so."
2 Peabody Decl. ¶ 11. Counsel maintains that there was "a failure by World Savings Bank or its
3 agents to actually execute any proper assignments of Deed of Trust or assignments of Trustee
4 powers which would have allowed Wells Fargo Bank to actually foreclose on the subject property."
5 Peabody Decl. ¶ 9. But for counsel to try to disavow that the complaint is based on the audit strains
6 credulity.

7 Moreover, counsel's suggestion that World Savings Bank had to make an assignment to
8 Wells Fargo before it could have the authority to foreclose makes little sense. As noted above, *see*
9 note 1, *supra*, Plaintiff has conceded that Wells Fargo is the successor in interest to World Savings
10 Bank. The deed of trust expressly states that the lender includes not only World Savings Bank but
11 also its successors. Thus, the undisputed evidence substantiates that Wells Fargo had the authority
12 to foreclose as the lender.

13 Finally, to the extent counsel asserts that the actions he took were supported by an
14 unpublished decision, *Wells Fargo Bank, N.A. v. Detelder-Collins*, No. APP10000325, 2012 WL
15 4482587 (App. Div., Cal. Sup. Ct. Mar. 28, 2012), the Court does not agree. In fact, the court in the
16 case rejected the appellants' contention that Wells Fargo had to prove it obtained an interest in the
17 deed of trust via recorded assignment. *See id.* at *8.

18 Accordingly, the Court concludes that dismissal with prejudice is warranted. The only issue
19 remaining is whether counsel for Plaintiff should be sanctioned. For the same reasons as articulated
20 above, the Court concludes that sanctions pursuant to Rule 11 are proper. While a monetary
21 sanction would be justified, the Court shall, in its discretion, limit its sanction to a written reprimand
22 to counsel that such conduct shall not tolerated and a warning that, should a Rule 11 issue arise in
23 ///
24 ///
25 ///
26 ///
27 ///
28

3

another case in which counsel represents a party or is a party, more severe sanctions may be imposed.

The Clerk of the Court is instructed to enter judgment in accordance with this opinion and close the file in this case.

IT IS SO ORDERED.

Dated: December 19, 2012

_____
EDWARD M. CHEN
United States District Judge

4